UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| COMMUNITY BANK OF NEVADA, | ) ) ) | |
| Plaintiffs, | ) ) | 2:09-cv-2238-LRH-LRL |
| v. | ) ) | ORDER |
| LORI MARDIAN-WILLIAMS, et al., | ) ) | |
| Defendants. | ) ) | |

Before the court is plaintiff Federal Deposit Insurance Corporation's ("FDIC") motion for summary judgment on the issue of liability. Doc. #28.[1]

Also before the court is defendants Lori Mardian-Williams ("Mardian-Williams"); Austin P. Williams ("Williams"); and Red Lake Investments, LLC's ("Red Lake") (collectively "defendants") motion for summary judgment on the issue of damages. Doc. #29.

**I.    Facts and Background**

This action involves a breach of a promissory note, a business loan agreement, and personal guarantees by individual defendants involving a loan between Valley Bank ("Valley") and defendant Red Lake in the amount of $2,500,000 for real property located in Mojave County,

---

[1] Refers to the court's docket number.

1  Arizona. After the initial loan transaction, Valley was acquired by Community Bank of Nevada
2  ("CBN"). Red Lake then entered into a business loan agreement with CBN which subsumed the
3  original loan transaction. Defendants Mardian-Williams; Williams; and Archer Investments, LLC
4  ("Archer") executed personal and commercial guarantees on the loan.
5        In April 2008, Red Lake defaulted on the agreement by failing to make required principal
6  and interest payments. In response, CBN foreclosed on the property and sold it at a trustee's sale
7  for $1,150,000. Subsequently, on April 6, 2009, CBN filed the underlying action against defendants
8  seeking a deficiency judgment in the amount of $1,614,318.54, plus interest.
9        After the filing of the complaint, the FDIC became the receiver for CBN. Thereafter, the
10 FDIC filed the present motion for summary judgment on the issue of liability. Doc. #28. In
11 response, defendants filed the present motion for summary judgment on the issue of damages.
12 Doc. #29.
13 **II.    FDIC's Motion for Summary Judgment as to Liability (Doc. #28)**
14       In its motion, the FDIC argues that defendants are personally liable for any deficiency
15 between the amount of the loan and the sale of the property at the trustee's sale. *See* Doc. #28. The
16 court agrees. The undisputed evidence establishes that the loan documents and commercial
17 guarantees are valid and enforceable contracts and that defendants breached these contracts by
18 failing to pay the principal and interest amounts owed. Further, defendants concede that they are
19 liable for any deficiency judgment, if such a deficiency actually exists. Doc. #31 ("While
20 defendants do not dispute that the loan documents in this matter are valid and enforceable contracts
21 and that defendants defaulted under these documents, defendants vehemently dispute that plaintiff
22 has sustained any damages whatsoever under the loan agreement."). Therefore, the court finds that
23 defendants are liable under the agreements for any deficiency and shall grant the FDIC's motion for
24 summary judgment accordingly.
25 ///
26

**III.    Defendants' Motion for Summary Judgment as to Damages (Doc. #29)**

In their motion, defendants argue that the FDIC is not entitled to a deficiency judgment because the fair market value of the property exceeded the outstanding balance on the loan. *See* Doc. #29.

However, the court finds that such a determination cannot be made without a fair market valuation hearing. Pursuant to NRS 40.455, a judgment creditor may move for a hearing under NRS 40.457 to have the court determine the fair market value of the underlying property. Here, the FDIC has requested such a hearing. *See* Doc. #28. Therefore, the court finds that summary judgment is not appropriate and shall deny defendants' motion.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment on the issue of liability (Doc. #28) is GRANTED.

IT IS FURTHER ORDERED that defendants' motion for summary judgment on the issue of damages (Doc. #29) is DENIED.

IT IS FURTHER ORDERED that the parties shall have thirty (30) days from entry of this order to file opening briefs of not more than fifteen (15) pages concerning the fair market value of the property at issue. The parties shall then have ten (10) days after the filing of opening briefs to file response briefs of not more than ten (10) pages. Thereafter, the court shall set a fair market valuation hearing pursuant to NRS 40.457.

IT IS SO ORDERED.

DATED this 5th day of October, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE