UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COMMUNITY BANK OF NEVADA, | |
| Plaintiffs, | 2:09-cv-2238-LRH-LRL |
| v. | ORDER |
| LORI MARDIAN-WILLIAMS, et al., | |
| Defendants. | |

This is a fair market value order. On May 14, 2012, the court held an evidentiary hearing pursuant to NRS 40.457 to determine the fair market value of the underlying property at the time of trustee's sale, November 12, 2008.

This action involves a breach of a promissory note, a business loan agreement, and personal guarantees by individual defendants involving a loan between Valley Bank ("Valley") and defendant Red Lake in the amount of $2,500,000 for real property located in Mojave County, Arizona. After the initial loan transaction, Valley was acquired by Community Bank of Nevada ("CBN"). Defendant Red Lake Investment, LLC ("Red Lake") then entered into a business loan agreement with CBN which subsumed the original loan transaction. Defendants Mardian-Williams; Williams; and Archer Investments, LLC ("Archer") executed personal and commercial guarantees on the loan.

In April 2008, Red Lake defaulted on the agreement by failing to make required principal and interest payments. In response, CBN foreclosed on the property and sold it at a trustee's sale for $1,150,000. Subsequently, on April 6, 2009, CBN filed the underlying action against defendants seeking a deficiency judgment.

After the filing of the complaint, the FDIC became the receiver for CBN. The FDIC then filed a motion for summary judgment on the issue of liability (Doc. #28) which was granted by the court (Doc. #34). Thereafter, pursuant to NRS 40.457, the parties briefed the issue of the fair market value of the property and the court held the requisite evidentiary hearing on May 14, 2012. *See* Doc. #45.

At the hearing, the court was presented with uncontested evidence that the value of the property at the time of the trustee's sale, November 12, 2008, was $1,580,000. *See* Doc. #44. This was the appraised value of the property according to Shelli Lowe, a certified general real estate appraiser, who performed the appraisal. Her full appraisal and report was received by the court into evidence and conclusively establishes that the value of the property was $1,580,000. *See* Doc. #36, Exhibit 2. Thus, based on the evidence before the court, the court finds that the fair market value of the property at the time of the trustee's sale was $1,580,000.

As the court has now determined the fair market value of the property in accordance with NRS 40.457 and liability has already been established against defendants Red Lake and Archer, the only issue remaining is the amount of the deficiency judgment that is to be levied against them. Because the court does not have all the necessary information to issue a deficiency judgment at this time, including the amount of accrued interest and the principal amount left on the loan after the trustee's sale, plaintiff FDIC shall prepare an appropriate proposed judgment supported by the evidence in this matter for the court's review.

///

///

IT IS THEREFORE ORDERED that plaintiff Federal Deposit Insurance Corporation shall have twenty (20) days from entry of this order to prepare an appropriate proposed deficiency judgment against defendants Red Lake Investment, LLC and Archer Investments, LLC in accordance with this order. Defendants shall have ten (10) days to respond to the proposed judgment and FDIC shall have five (5) days to reply.

IT IS SO ORDERED.

DATED this 6th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3