UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COMMUNITY BANK OF NEVADA, a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LORI MARDIAN-WILLIAMS; AUSTIN P. WILLIAMS; ALLEN G. BARBARICH; and ARCHER INVESTMENTS, LLC, a Nevada limited liability company; RED LAKE INVESTMENTS, LLC, a Nevada limited liability company; and DOES 2-5,<br><br>Defendants. | Case No.: 2:09-cv-02238-LRH-LRL<br><br>JUDGMENT |

This Court having entered an Order granting Plaintiff FDIC's Motion for Partial Summary Judgment as to Liability [Doc #34], having held an evidentiary hearing on May 14, 2012 pursuant to NRS 40.457 to determine the fair market value of the Subject Property at the time of foreclosure sale - November 12, 2008, and finding that the fair market value of the Subject Property is $1,580,000 [Doc #46], and the Court having examined the records and documents on file, being fully advised in the premises, and having determined that Plaintiff is

entitled to a deficiency judgment pursuant to NRS 40.455 et al, hereby enters the following order and judgment:

## FINDING OF FACTS

1. On April 5, 2006, Red Lake Investments, LLC ("Red Lake") entered into a Promissory Note in favor of Valley Bank for the principal amount of $2,500,000.00 (the "Note").

2. The Note was secured by a Deed of Trust dated March 22, 2006 in favor of Valley Bank on property located in Mojave County, White Hills, Arizona, as more particularly described in the Deed of Trust (the "Subject Property").

3. Pursuant to the Note, Red Lake agreed to pay Valley Bank the outstanding principal balance on the Note and accrued interest on the original maturity date of October 5, 2007.

4. On October 14, 2006, Valley Bank was acquired by Community Bank of Nevada ("Community Bank").

5. On October 5, 2007, Red Lake entered into a Business Loan Agreement with Community Bank.

6. On October 5, 2007, Red Lake executed a Change in Terms Agreement extending the maturity date on the Note to April 5, 2008.

7. On October 5, 2007, Defendants Lori Mardian-Williams ("Mardian-Williams"), Austin P. Williams ("Williams"), and Archer Investments, LLC ("Archer") (collectively, the "Guarantors") executed Commercial Guarantees by which each agreed to act as guarantors of Red Lake's obligations under the Business Loan Agreement. The aforementioned Note, Business Loan Agreement, Change in Terms Agreement, and Guarantees are collectively referred to as the "Loan Documents".

8. Under the terms of the Business Loan Agreement and Change in Terms Agreement, Red Lake's failure to make payment when due constituted a default.

9. In the event of any default, Community Bank was entitled to deem all indebtedness immediately due and payable pursuant to the terms of the Business Loan Agreement and Change in Terms Agreement.

10. On April 5, 2008, Red Lake defaulted under the Note and related Loan Documents by failing to make the required payment of the outstanding principal balance and accrued interest.

11. To date, Defendants have failed to pay the amounts due and owing on the under the Note and related Loan Documents.

12. Thereafter, Community Bank requested that the Trustee commence a non-judicial foreclosure sale on the Subject Property pursuant to the Deed of Trust.

13. The foreclosure sale of the Subject Property took place on November 12, 2008, and the Subject Property was sold for the sum of $1,150,000.00.

14. On August 14, 2009, the Nevada Department of Business and Industry, Financial Institutions Division submitted its Order revoking Community Bank's charter and appointing the FDIC as Receiver.

15. On the date of the foreclosure sale – November 12, 2008, there was a principal balance owed on the Note and related Loan Documents in the amount of $2,351,415.67.

16. On the date of the foreclosure sale, $184.459.18 in accrued interest was owed on the Note and related Loan Documents.

17. As of July 26, 2012, $596,174.66 in interest has accrued since the time of the foreclosure sale, and interest continues to accrue at the default rate set forth in the Note and related Loan Documents.

18. Community Bank further incurred $24,836.32 in attorney's fees and costs from prior to the foreclosure sale.

19. Community Bank also incurred $7,611.74 in Trustee expenses related to the foreclosure.

20. The appraisal fee incurred for determining the fair market value of the Subject Property was $10,000.00.

21. The Court has determined that the fair market value of the Subject Property was $1,580,000 [Doc #46] as of November 12, 2008 (the date of the foreclosure sale).

//

22. Defendant Allen G. Barbarich filed a voluntary petition for Chapter 7 bankruptcy on December 7, 2009.

23. Defendants Austin P. Williams and Lori Mardian-Williams filed a voluntary petition for Chapter 7 bankruptcy on May 13, 2012.

## CONCLUSIONS OF LAW

24. The Court has determined as a matter of law that the Note and related Loan Documents executed by the parties are valid and enforceable contracts and that Defendants breached these contracts by failing to pay the principal and interest amounts owed. [Doc #46].

25. Pursuant to NRS 40.455 et al, the Federal Deposit Insurance Company ("FDIC"), as Receiver for Community Bank of Nevada, is entitled to the award of a deficiency judgment.

26. Prior to June 10, 2011, NRS 40.459 provided in pertinent part the following:

> Limitations on amount of money judgment. After the hearing, the court shall award a money judgment against the debtor, guarantor or surety who is personally liable for the debt. The court shall not render judgment for more than:
>
> 1. The amount by which the amount of the indebtedness which was secured exceeds the fair market value of the property sold at the time of the sale, with interest from the date of the sale; or
>
> 2. The amount which is the difference between the amount for which the property was actually sold and the amount of the indebtedness which was secured, with interest from the date of sale,
>
> -whichever is the lesser amount.

27. The Court finds as a matter of law that pursuant to the Note and related Loan Documents, the FDIC is owed the principal amount of $2,351,415.67, accrued interest up to the date of the foreclosure sale in the amount of $184,459.18, accrued interest from the foreclosure sale to July 26, 2012 in the amount of $596,174.66, $24,836.32 in attorney's fees and costs from prior to the foreclosure sale, $7,611.74 in Trustee expenses related to the foreclosure, $10,000.000 in appraisal fees, and interest accrued and accruing from and after July 26, 2012 on the deficiency owed.

28. The fair market value of the Subject Property exceeded the bid at the foreclosure sale, and therefore, the fair market value is used to calculate the deficiency pursuant to NRS

40.455, NRS 40.457, and NRS 40.459.

29. Accordingly, the FDIC is entitled to judgment in amount of $1,594,497.57, with interest accruing from and after July 26, 2012 at the default rate set forth in the Loan Documents, until the judgment is paid in full.

**JUDGMENT**

30. Based upon the foregoing, and good cause appearing, JUDGMENT is hereby entered in favor of the FEDERAL DEPOSIT INSURANCE COMPANY ("FDIC"), as Receiver for Community Bank of Nevada, and against Defendants ARCHER INVESTMENTS, LLC and RED LAKE INVESTMENTS, LLC, jointly and severally, for the total amount of $1,594,497.57, which consists of the principal amount of $2,351,415.67, accrued interest up to the date of the foreclosure sale in the amount of $184,459.18, $24,836.32 in attorney's fees and costs from prior to the foreclosure sale, $7,611.74 in Trustee expenses related to the foreclosure, $10,000.000 in appraisal fees, minus the fair market value of the Subject Property $1,580,000, and plus accrued interest from the date of the foreclosure sale to July 26, 2012 in the amount of $596.174.66; plus interest accrued and accruing from and after July 26, 2012 and post-judgment interest at the default rate set forth in the Loan Documents, until the judgment is paid in full.

31. The FDIC may also seek an award of attorney's fees and costs in an appropriate post-judgment application for the same.

DATED this 3rd day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE