UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

COMMUNITY BANK OF NEVADA,

        Plaintiffs,

 v.

LORI MARDIAN-WILLIAMS, et al.,

        Defendants.

2:09-cv-2238-LRH-LRL

ORDER

     Before the court is plaintiff Federal Deposit Insurance Corporation's ("FDIC"), as receiver for Community Bank of Nevada ("CBN"), motion for attorney's fees. Doc. #49.

## I.    Facts and Background

     This action involves a breach of a promissory note, a business loan agreement, and personal guarantees by individual defendants involving a loan between Valley Bank ("Valley") and defendant Red Lake Investments, LLC ("Red Lake") in the amount of $2,500,000 for real property located in Mojave County, Arizona. After the initial loan transaction, Valley was acquired by CBN. Red Lake then entered into a business loan agreement with CBN which subsumed the original loan transaction. Defendant Archer Investments, LLC ("Archer") executed a commercial guarantee on the loan.

     In April 2008, Red Lake defaulted on the agreement by failing to make required principal and interest payments. In response, CBN foreclosed on the property and sold it at a trustee's sale for $1,150,000. Subsequently, on April 6, 2009, CBN filed the underlying action against defendants seeking

a deficiency judgment in the amount of $1,614,318.54, plus interest.

After the filing of the complaint, the FDIC became the receiver for CBN and filed a motion for summary judgment on the issue of liability (Doc. #28) which was granted by the court (Doc. #34). On May 14, 2012, the court held a fair market valuation hearing to determine the fair market value of the property. *See* Doc. #45. After the hearing, the court issue a judgment against defendants Red Lake and Archer in the amount of $1,594,497.57. Doc. #48. Thereafter, the FDIC filed the present motion for attorney's fees. Doc. #49.

## II.   Discussion

The FDIC has submitted a motion for attorney's fees seeking $102,716.22 in accrued fees and $8,293.36 in costs associated with prosecuting this action. *See* Doc. #49.  In support of its motion, the FDIC has complied with the applicable provisions of Local Rule 54-16 by providing an itemization and description of the work performed as well as a summary of the fees charged and the time and labor required. *See* Doc. #49, Exhibit 1, Kidd Decl.

In determining the reasonableness of a request for attorney's fees, a court considers several factors including: (1) the reputation and skill of counsel; (2) the financial terms of the client fee arrangement; (3) the nature and extent of work performed and results obtained; and (4) awards in similar cases. *See, e.g.,* LR 54-16(b)(3); *Resurrection Bay Conservation Alliance v. City of Seward Alaska*, 640 F. 3d 1087, 1095 (9th Cir. 2011). The court has reviewed the documents and pleadings on file in this matter and finds that the FDIC's request for attorney's fees is reasonable based on the questions presented, the documents required for review, the length of the motions, the number of hours worked, and the quality of counsel. Accordingly, the court shall grant the FDIC's motion for attorney's fees.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees (Doc. #49) is GRANTED. The clerk of court shall enter an award of attorney's fees in favor of plaintiff Federal Deposit Insurance Corporation and against defendants Red Lake Investment, LLC and Archer Investments, LLC in the amount of $102,716.22. The clerk of court shall also enter an award of costs in favor of plaintiff

1  Federal Deposit Insurance Corporation and against defendants Red Lake Investment, LLC and Archer
2  Investments, LLC in the amount of $8,293.36.
3
4      IT IS SO ORDERED.
5      DATED this 16th day of October, 2012.
6
7                                          _____
                                            LARRY R. HICKS
8                                           UNITED STATES DISTRICT JUDGE